JOHN E. ANDRUS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET A. THORPE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IDA B. WILLIAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELEN A. BENEDICT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33545, 33641, 34043, 37627. Promulgated February 19, 1929.

*M. L. Seidman, C. P. A.,* for the petitioners.
*Frank S. Easby-Smith, Esq.,* for the respondent.

OPINION.

LITTLETON: The Commissioner allowed each of the children to deduct in 1923 as a contribution their pro rata share of $400,000, the value of the property to the extent of the 15 per cent limitation allowed by law.

In the light of the facts stipulated we are of the opinion that the action of the Commissioner should be approved.

The deed conveying the land to the Julia Dyckman Andrus Memorial, Inc., is not in evidence. It appears that the sons of Julia Dyckman Andrus were "from the inception of the plan" to create the charitable memorial corporation, "willing to contribute their respective shares in the tract for the purpose contemplated" and that subsequently the displeasure of the father at the unwillingness of the daughters to do likewise so impressed the daughters "that eventually they decided to join the three sons in the creation of the charitable corporation," whereupon, in 1923, the property was transferred to the corporation.

On December 31, 1923, the day the notes were executed and the transfer of the property made, eight of the notes of $10,000 each were "canceled and submitted to the memorial as a contribution for that year by the aforesaid children."

The Commissioner has determined that when the property was transferred to the corporation a gift thereof was then and there made by the petitioners and there is not sufficient evidence in the record to convince the Board that it was not the purpose and intention of petitioners at the time of the conveyance of the land, to make to the corporation an absolute gift or donation of his or her interest therein as a memorial to their mother, as contemplated by every one in the formation of the corporation.

Reviewed by the Board.

*Judgment will be entered for the respondent.*